UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMIN SARIASLAN,

    Petitioner,

v.

RONALD RACKLEY,

    Respondent.

No. 2:16-cv-0922 DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges denials of parole suitability by the Board of Parole Hearings ("BPH").

Rule 4 of the Federal Rules Governing § 2254 Cases provides that if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. For the reasons stated herein, this court finds it clear that petitioner is not entitled to relief. Accordingly, this action should be dismissed.

## BACKGROUND

Petitioner was convicted of second-degree murder in 1984 and sentenced to 15 years to life in prison. In this action, petitioner challenges his seven parole suitability proceedings. Petitioner raises the following claims: (1) the evidence did not support the BPH's findings of dangerousness; (2) the parole denials violate the standards set out by the California Supreme

1

Court in In re Lawrence, 44 Cal. 4th 1181 (2008); (3) the Marin County Superior Court violated his rights by the way in which it reviewed his habeas petition; (4) the BPH's use of the same factors to deny parole each time have essentially given petitioner a sentence of life without parole; (5) the use of Proposition 9 ("Marsy's Law") to deny parole violates the Ex Post Facto Clause; (6) the BPH's consideration of a three-year old psychiatric exam violated petitioner's rights to due process and equal protection; and (7) the state courts violated petitioner's rights by the ways in which each considered, or refused to consider, petitioner's habeas petitions.

## PETITIONER'S CLAIMS

### I. Petitioner's Challenges to the BPH Decisions

In claims 1, 4, and 6, petitioner alleges the BPH considered improper factors in denying parole. In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor. See Swarthout v. Cooke, 562 U.S. 216 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary bases for state parole decisions. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 220-21.

Federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the minimum procedures adequate for due-process protection of that interest" have been met. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Id. at 221; Miller v. Oregon Bd. of Parole and Post–Prison Super., 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Swarthout* that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. Swarthout, 562 U.S. at 220. The Ninth Circuit has acknowledged

that after <u>Swarthout</u>, substantive challenges to parole decisions are not cognizable in habeas. <u>Roberts v. Hartley</u>, 640 F.3d 1042, 1046 (9th Cir. 2011).

After <u>Swarthout</u>, petitioner's claims 1 and 4 that the BPH considered improper evidence to conclude that petitioner remained a danger are not cognizable in this case. For the same reasons, petitioner's claim 6 that the BPH improperly relied on an outdated psychiatric exam is not cognizable. All three claims should be dismissed.

## II. **In re Lawrence**

Petitioner contends the BPH violated the standards set out by the California Supreme Court in <u>In re Lawrence</u>, 44 Cal. 4th 1181 (2008), for considering parole suitability. In <u>Lawrence</u>, the California Supreme Court held that prisoners have a substantive due process right to a fixed parole date for indeterminate sentences unless the BPH legitimately finds that public safety requires continued incarceration. 44 Cal. 4th at 1205-06. Prisoners are entitled to release on parole unless there is "some evidence" of their current dangerousness. <u>Id.</u>

In <u>Swarthout</u>, the Court held that California's "some evidence" standard is not a substantive federal requirement. 562 U.S. at 220. The Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of the evidence presented, or relied upon, at a parole proceeding. <u>Id.</u> at 220-21. Rather, the protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements described above: an opportunity to be heard and a statement of the reasons why parole was denied. <u>Id.</u> at 220; see also <u>Miller</u>, 642 F.3d at 717; <u>Madrid v. Mendoza-Powers</u>, 424 F. App'x 671, 672 (9th Cir. 2011) (<u>Swarthout v. Cooke</u> foreclosed a claim that the BPH could not continue to deny petitioner parole based on the allegedly immutable factors of his commitment offense, previous record of violence, and social history). Therefore, the court should dismiss petitioner's claim 2.

## III. **State Courts' Errors**

In claims 3 and 7, petitioner argues that the state courts failed to properly consider his habeas petitions. These arguments do not make out a claim for relief under § 2254. A federal habeas court may not reexamine a state court's interpretation and application of state law. <u>Estelle</u>

3

v. McGuire, 502 U.S. 62, 67-68 (1991). Further, claims of procedural errors in state post-conviction proceedings are not cognizable in federal habeas corpus. Ortiz v. Stewart, 149 F.3d 923, 939, 941 (9th Cir. 1998). Claims 3 and 7 should be dismissed.

### IV. Marsy's Law

Under Proposition 9 ("Marsy's Law"), enacted in 2008, the minimum deferral period between parole hearings was increased from one to three years, and the maximum deferral period from five to fifteen years. See Gilman v. Brown, 814 F.3d 1007, 1011 (9th Cir. 2016). Petitioner argues that application of Marsy's Law violates the Ex Post Facto Clause. He states that he is relying on the decision in the "Gilmore Case" that so held.

The Ninth Circuit has determined, however, that unless a state prisoner's claim lies at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, "'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 925, 930-31 (9th Cir. 2016) (en banc). Claims that lie in the "core of habeas corpus" are those that, if successful, would "necessarily lead to ... immediate or earlier release from confinement." Id. at 935. Were petitioner to succeed on an ex post facto claim regarding any decrease in the frequency of his parole hearings caused by application of Marsy's Law, the only relief he would obtain through this action is an earlier parole hearing, which would not necessarily lead to his immediate or earlier release. Accordingly, the court lacks jurisdiction over claim 5 and it should be dismissed.

Petitioner could bring a challenge to the use of Marsy's law by filing an action under 42 U.S.C. § 1983. However, petitioner is advised that while the district court in Gilman v. Brown, 110 F. Supp. 3d 989 (2014), found that use of Marsy's law violated ex post facto principles, that decision was reversed on appeal.[1] See Gilman, 814 F.3d at 1022.

---

[1] In an appropriate case a habeas petition may be construed as a section 1983 complaint. Nettles, 830 F.3d at 936. However, the court notes that there are several significant differences in proceeding in habeas corpus compared to a civil rights action. For instance, the filing fee for a habeas petition is $5. For civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint which is

4

**CONCLUSION**

Petitioner's claims are not cognizable under § 2254 primarily because this court may not consider the substantive basis for the BPH's decisions; it may only consider whether petitioner received the minimal procedural safeguards. Petitioner provides copies of some of the transcripts of his BPH hearings. They demonstrate that he appears to have had an opportunity to be heard at each BPH hearing and that the BPH provided him with a decision for the finding that he was unsuitable for parole.

For the foregoing reasons, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS RECOMMENDED that petitioner's petition for a writ of habeas corpus be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the

////

////

////

---

(note 1, cont'd) dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Based on the differences between habeas and civil rights cases, and based on the likelihood that petitioner would be unsuccessful in an ex post facto challenge to Marsy's law, rather than construe the petition as a civil rights action, the court will recommend dismissal without prejudice so that petitioner may assert the ex post fact claim under 42 U.S.C. § 1983 in a new case, if he chooses.

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: July 23, 2019

                                                DEBORAH BARNES
                                                UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/sari0922.fr